# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

ANTHONY SIMONE, )
)
        Plaintiff, )
)
v. ) Case No. 12-1215-CV-W-FJG
)
NATIONWIDE MUTUAL INSURANCE )
COMPANY, )
)
        Defendant. )

## ORDER

Currently pending before the Court is defendant Nationwide Mutual Insurance Company ("Nationwide's") Motion for Partial Summary Judgment (Doc. # 24).

## I. BACKGROUND

Nationwide issued an insurance policy to Anthony Simone covering a house located at 303 North Ridge Avenue, Liberty, Missouri. Anthony Simone did not live in the home, but rented the house to his sons and other individuals. In late December 2011, Charlie Simone was the only tenant residing at the property. During this time Charlie Simone purchased a new home and began moving his belongings from the home on North Ridge Avenue to his new home. Charlie Simone continued to go back and forth between the two houses until February 2012, when he was mostly moved out. The water at the North Ridge Avenue property was not turned off after Charlie moved out of the house. In either January or February 2012, a water pipe in the home froze causing the pipe to burst. This caused a significant amount of water to enter the home. As a result of this incident, plaintiff is claiming both foundation and structural damage to the home.

The Nationwide policy issued to Anthony Simone states in part:

> We insure for all risks of physical loss to the property described in Coverages A & B except: . . .
>
> (2) freezing of a plumbing, heating or air-conditioning system or of a household appliance, or by discharge, leakage or overflow from within the system or appliance caused by freezing, while the dwelling is vacant, unoccupied or being constructed unless you have used reasonable care to:
>
> (a) Maintain heat in the building, or
> (b) shut off the water supply and drain the system and appliances of water.
> . . .
> (9) wear and tear; . . . settling, cracking, shrinking, bulging or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings; . . .

The Nationwide policy also states:

> We do not cover loss resulting directly or indirectly from: . . .
>
> 2. Earth Movement. Meaning any loss caused by, resulting from, contributed to, or aggravated by earthquake; landslide; mud flow; earth sinking, rising or shifting; volcanic eruption, meaning the eruption, explosion or effusion of a volcano; unless direct loss by:
>
> (1) fire;
> (2) explosion other than the explosion of a volcano; or
> (3) if an insured peril, breakage of glass or safety glazing material ensues and then we will pay only for the ensuing loss.

Plaintiff reported the loss to Nationwide on March 6, 2012. After the loss was reported, two Nationwide employees inspected the property, Nationwide took a recorded statement from the plaintiff and gathered records of past utility payments for the property. Nationwide also hired Jeremy Van Leeuwen, a professional engineer to inspect the property. Mr. Van Leeuwen noted damage to the foundation, but concluded that the settlement and foundation problems occurred before the flooding event in the first part of 2012. Nationwide sent plaintiff a reservation of rights letter on March 9,

2

2012. On August 7, 2012, Nationwide denied plaintiff's claim. In the letter Nationwide stated, "[o]ur review showed that the heat was not maintained to your rental property which resulted in freezing of pipes and subsequent water damage. In addition, the settling to the home foundation is the result of on-going movement and issues." On August 21, 2012, plaintiff filed suit in the Circuit Court of Clay County alleging that Nationwide breached the contract of insurance by failing to pay the full amount of the proceeds which were due under the policy and also alleged damages due to Nationwide's vexatious refusal to pay. Nationwide removed the case to federal court on October 2, 2012. Nationwide filed a motion for summary judgment on plaintiff's vexatious refusal to pay claim.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to

3

establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

### III. DISCUSSION

In Drury Co. v. Missouri United School Ins. Counsel, No. ED 100320, 2014 WL 1225265 (Mo.App. Mar. 25, 2014), the Court stated:

> Sections 375.296 and 375.420 allow penalties to be assessed against an insurer when it refuses to make payment, upon demand and in accordance with the policy, vexatiously, willfully and without reasonable cause. . . .The provisions in section 375.420 for attorneys' fees and a ten to twenty percent penalty obviously aim to make the contracting party whole in a practical sense and to provide an incentive for insurance companies to pay legitimate claims without litigation. . . .[A]n insurer is permitted to question or contest its liability if it has reasonable cause to believe, and does believe, that it has no liability under the policy and that it has a meritorious defense. . . . Thus, where there is an open question of law or fact relating to a claim under an insurance policy, the insurer may insist upon a judicial determination of those questions without being penalized for vexatious refusal to pay. . . .Generally, a question of reasonableness is a question of fact for the jury rather than a question of law for the court. . . .But, the question of reasonableness can be determined as a matter of law based upon undisputed facts. . . .When reasonable minds could not differ, summary judgment is properly granted.

Id. at 7 (internal citations and quotations omitted).

Nationwide argues that plaintiff's claim for vexatious refusal to pay fails as a matter of law as there are open questions of fact and law upon which reasonable minds can differ, thus barring plaintiff's claim for vexatious refusal. Plaintiff argues that vexatiousness is shown where the insurer conducts an inadequate investigation, where it admits covered damages or where it bases denial on suspicions without substantial facts supporting the denial. Plaintiff argues that there is evidence that Nationwide's

4

adjuster admitted during an inspection of the house that the loss was insured, would be covered and approved repair work to begin immediately.  Plaintiff also argues that Nationwide's investigation was incomplete.  Plaintiff states that the adjusters did not investigate what steps had been taken to supply heat to the home, or what care plaintiff took to maintain the heat,  did not investigate whether the thermostat might have malfunctioned or was defective and did not investigate the condition of the property prior to the water event.   Plaintiff states that he has presented sufficient facts to create a submissible case on the issue of vexatious refusal to pay and defendant's motion for summary judgment should be denied.

In <u>Dhyne v. State Farm Fire & Cas. Co.</u>, 188 S.W.3d 454, 457 (Mo.banc 2006), the Court stated, "[t]o establish [a] claim for vexatious refusal to pay, [plaintiff] had to prove that: (1) she had an insurance policy with [the insurance company]; (2) [the insurance company] refused to pay; and (3) [the insurance company's] refusal was without reasonable cause or excuse."  "There may be no vexatious refusal where the insurer has reasonable cause to believe and does believe there is no liability under its policy and it has a meritorious defense." <u>Wood v. Safeco Ins. Co. of Am.</u>, 980 S.W.2d 43,55 (Mo.App.1998).  "Whether [an insurer] acted reasonably is an inherently factual inquiry left to the province of the jury.  As a general rule, questions of reasonableness are questions of fact, not law." <u>Doe Run Resources Corp. v. Certain Underwriters at Lloyd's London</u>, 400 S.W.3d 463, 471 (Mo.App. 2013) (citing  <u>Wunsch v. Sun Life Assurance Co. of Can.</u>, 92 S.W.3d 146,153 (Mo.App.2002)).

After reviewing the pleadings and exhibits, the Court finds that there are disputed issues of material fact regarding whether Nationwide acted reasonably in denying

plaintiff's insurance claim. These disputed facts prevent the Court from granting defendant's motion for summary judgment on plaintiff's vexatious refusal to pay claim. Accordingly, the Court hereby **DENIES** defendant's Motion for Summary Judgment (Doc. #24).

## IV. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** defendant's Motion for Summary Judgment (Doc. # 24).


Date: May 30, 2014　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　United States District Judge